**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 06-CV-00584-REB-PAC

PETER D. HAALAND, individually and in his
capacity as sole manager of PhyRx, Ltd. Liability Co.,
a Colorado limited liability company,

    Plaintiff,

vs.

JOHN HUNTINGTON
and JUDITH A. HUNTINGTON,

    Defendants.

JOHN HUNTINGTON
and JUDITH A. HUNTINGTON,
individually and in their capacity as Members in
PHYRX, LTD. LIABILITY CO., a Colorado limited
liability company,

    Counterclaimants and Third-Party Plaintiffs,

vs.

PETER D. HAALAND,

    Counterclaim Defendant

and

ECLIPSE AVIATION CORPORATION,

    Third-Party Defendant.

---

**[PROPOSED] PROTECTIVE ORDER**

---

IT IS HEREBY ORDERED, pursuant to the Parties' Stipulated Motion for Protective Order, that this Protective Order shall govern the handling of documents, responses to discovery requests, depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively the "Discovery Material") in the above-referenced action.

**Designation of Discovery Materials as "Confidential" or "Attorneys' Eyes Only"**

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order because the Parties could be prejudiced by the dissemination of confidential, sensitive, and proprietary documents, information, and trade secrets.

2. The Parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulation and Protective Order any information or Discovery Material produced by a Party that the Party believes, in good faith, contains trade secrets or other confidential technical, business, financial, or personal information that is not generally known and that the Party would not normally reveal to third parties or would cause third parties to maintain in confidence. This designation shall be made by stamping each page of the document containing such information with the legend "CONFIDENTIAL" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

3. The Parties shall have the right to designate as "ATTORNEYS' EYES ONLY" and subject to this Stipulation and Protective Order any information or Discovery Material produced by a Party that the Party believes, in good faith, comprises such particularly sensitive information that its disclosure should be further limited as set forth herein. This designation should be made by stamping each page of the document containing such information with the legend "ATTORNEYS' EYES ONLY" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

4. The designation of information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made by stamping each page of the document

containing such information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

5. In the case of information or Discovery Material produced by third parties, any Party hereto shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the event such information or Discovery Material contains confidential information of the designating Party. The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the other Party of such designation either prior to or within twenty (20) days after the production of such Materials by the third party. All Parties hereto shall thereafter treat such materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with notice of designation. All third party productions shall be treated as "CONFIDENTIAL" until the expiration of this 20-day period unless a different period of time is agreed to between the parties.

6. Any notes, summaries, compilations or copies containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or electronic images or databases containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases is made or derived.

7. Inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At the time, arrangements shall be made for return of all copies of the inadvertently mis-designated material to the designating Party and for the submission, where appropriate, of properly labeled copies.

8.    This Protective Order is not intended to prohibit the use or admissibility of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information upon trial of this case. Issues involving the protection of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information during trial will be presented to the Court prior to or during trial as each Party deems appropriate.

9.    With respect to all information and Discovery Material provided for inspection by a Party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" need not be made until copies of the information or Discovery Material are requested after inspection and selection by counsel. Making documents or any other information or Discovery Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all information and Discovery Material provided for inspection by a Party's counsel shall be treated as though designated as "ATTORNEYS' EYES ONLY" at the time of the inspection.

### Limitation on Use of Designated Information

10.   Each Party and all persons bound by the terms of this Stipulation and Protective Order shall use any information or Discovery Material governed by this Stipulation and Protective Order only for the purpose of the prosecution or defense of the claims asserted in this action. No Party or other person shall use, disclose, or release any information or Discovery Material governed by this Stipulation and Protective Order for any purpose other than the prosecution or defense of said claims. It is, however, understood that counsel for a Party may give advice and opinions to his/her client based on his/her evaluation of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The attorneys of record for the Parties and other persons receiving information governed by this Stipulation and Protective Order shall take all reasonable steps to ensure that the information and Discovery Material governed by this Stipulation and Protective Order are (i) used only for the

purposes specified herein; and (ii) disclosed only to authorized persons. Nothing herein shall be construed to limit in any way any Party's use of its own confidential information.

**Restrictions on Disclosure of Materials Designated "Confidential"**

11.  Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

(a) the Parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(b) the Parties' attorneys of record in this Action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(e) employees of outside copying, printing, binding, or computer input services;

(f) persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this Action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(g) deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a

witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material(s) designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material(s); and

(h) such other persons as the Parties may agree or may be ordered by the Court.

**Restrictions on Disclosure of Discovery Designated "Attorneys' Eyes Only"**

12. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "ATTORNEYS' EYES ONLY" shall not be disclosed or discussed with any person except:

(a) the Parties' attorneys of record in this Action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(b) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(c) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(d) employees of outside copying, printing, binding, or computer input services;

(e) persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this Action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Action;

(f) deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material(s) designated "ATTORNEYS' EYES ONLY" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material(s); and

(g) such other persons as the Parties may agree or may be ordered by the Court.

**Certification of Persons to Whom Discovery Materials are Disclosed**

13. Prior to disclosure of any Discovery Materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person described in paragraphs 11(f)-(h) or 12(e)-(g) hereof, such person shall be given a copy of this Stipulation and Protective Order and shall sign a certification agreeing to be bound by the terms of this Stipulation and Protective Order and agreeing to be subject to the jurisdiction of this Court for purposes of any enforcement or contempt proceedings. Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party.

**Designation of Deposition Transcripts**

14. Deposition transcripts, or portions thereof, may be designated as subject to this Stipulation and Protective Order either (i) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the reporter, as the designating Party may direct; or (ii) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party. All deposition

7

transcripts shall be treated as "CONFIDENTIAL" until the expiration of this 14-day period unless a different period of time is agreed to between the parties.

### Disclosure of Discovery Materials Designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the Court

15. All Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" submitted to the Court for consideration in relation to a motion shall be lodged under seal, in compliance with the Federal Rules of Civil Procedure and the Local Rules. Concurrent with the lodging of such documents under seal, the Party so lodging shall also file a motion seeking permission to file the documents under seal and a proposed order. Concurrent with the lodging of the unredacted documents, the lodging Party shall also file a redacted version of any document that is lodged under seal.

[Handwritten annotation: Any counsel must move the Court under D.C.COLO.LCivR 7.2 to file documents under seal.]

### Disclosure to Author or Recipient

16. Notwithstanding any other provisions of this Stipulation and Protective Order, nothing herein shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulation and Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulation and Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

17. If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party shall promptly notify the designating Party. The Party receiving the subpoena or compulsory process shall not produce any such information or Discovery Material in response to the subpoena without the prior written consent of the designating Party, unless in response to an order of a court of competent jurisdiction. The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," for the sole purpose of seeking to prevent or restrict disclosure thereof.

### Additional Protections

18. This Stipulation and Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other Discovery Material as they may consider appropriate.

### Challenge to Confidentiality Designation

19. This Stipulation and Protective Order shall not preclude any Party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Stipulation and Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or Discovery Material otherwise prohibited by this Stipulation and Protective Order; or (iii) applying for an order modifying this Stipulation and Protective Order in any respect.

20. No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

### Prior Public Knowledge

21. This Stipulation and Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or knowledge, and the

9

restrictions contained in this Stipulation and Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulation and Protective Order to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Stipulation and Protective Order.

### Return of Designated Information

22.  Upon final disposition or resolution of this Action, upon written request by a designating Party within sixty (60) days after such final disposition or resolution, each Party shall either (i) assemble and return all information and Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, to the Party from whom the designated material was obtained or (ii) destroy all such information and Discovery Materials, at the option of the Party in possession thereof.

23.  Notwithstanding the foregoing, outside counsel of record for each Party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed in this Action; (ii) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this Action.

24.  Any such materials that are not returned or destroyed shall remain subject to this Stipulation and Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

### Modification, Waiver or Termination of Stipulation and Order

25.  No part of the restrictions imposed by this Stipulation and Protective Order may be modified, waived, or terminated, except by the written stipulation executed by counsel of record for each Party, or by an Order of the Court for good cause shown.

26.	In the event that the motion of Defendants, Counterclaimants, and Third-Party Plaintiffs John Huntington and Judith Huntington to remand this Action to state court is granted, the Parties shall treat all information and Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to that remand in conformance with the terms of this Stipulation and Protective Order until such time as a mutually agreeable stipulation and protective order has been entered by the state court.

### Third Party Discovery

27.	Discovery obtained from any third party in response to any subpoena shall be protected in accordance with this Stipulation and Protective Order if such third party requests such protection and complies with the provisions hereof.

### Termination

28.	The obligations of this Protective Order shall survive the termination of this case and shall continue to restrict the disclosure and use of discovery material designated as Confidential Information by the Parties, their counsel, and all persons who signed a Confidentiality Agreement. Following termination of this case, the Court will retain jurisdiction to enforce the terms of this Protective Order.

### Headings

29.	The headings in this Stipulation and Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulation and Order.

**IT IS SO ORDERED:**

Dated this 22nd day of June, 2006

BY THE COURT,

s/ Patricia A Coan
PATRICIA A COAN
MAGISTRATE JUDGE